UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X   For Online Publication Only
KEVIN ANDREW ECKERT, JR., #2020001932,

                        Plaintiff,

                                                                                   **ORDER**
                -against-                                                  21-CV-02650 (JMA)(JMW)

SUFFOLK COUNTY SHERIFF ER[R]OL TOULON, [JR.],
SUFFOLK COUNTY RIVERHEAD CORRECTIONAL
FACILITY MEDICAL UNIT,

                        Defendants.
----------------------------------------------------------------------X
**AZRACK, United States District Judge:**

On May 10, 2021, incarcerated pro se plaintiff Kevin Andrew Eckert, Jr. ("Plaintiff") filed a complaint against Suffolk County Sheriff Errol Toulon, Jr. (the "Sheriff") and the Suffolk County Riverhead Correctional Facility Medical Unit (the "Jail") pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging a deprivation of his constitutional rights. (See Complaint, ECF No. 1.) Accompanying the complaint is an application to proceed in forma pauperis. (ECF No. 2.)[1]

Upon review of the declarations accompanying Plaintiff's application to proceed in forma pauperis, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Accordingly, the Court grants Plaintiff's application to proceed in forma pauperis and sua sponte dismisses the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1) for the reasons that follow.

---

[1] However, because Plaintiff did not file the required Prisoner Litigation Authorization form ("PLRA"), by Notice of Deficiency also dated May 10, 2021, Plaintiff was instructed to complete and return the enclosed PLRA within fourteen (14) days in order for his case to proceed. (ECF No. 3.) On May 19, 2021, Plaintiff timely filed the PLRA. (ECF No. 7.)

### I.     BACKGROUND[2]

Plaintiff's brief, handwritten complaint is submitted on the Court's Section 1983 complaint form.  In its entirety, Plaintiff's statement of claim alleges that, after the 3:00 p.m. shift change on November 3, 2019 at the Riverhead Correctional Facility Housing Unit 1 East North:

> One of the morning C.O.'s moved the officer's desk in the housing unit from where it's suppose to be, which is marked on the floor with red/yellow tape.   To a spot of their preference.  After the 3 p.m. shift change, the Supervising Lieutenant was conducting her rounds.   Seen the desk wasn't here it was supposed to be and was close to the inmate tables.   Another inmate and I were instructed to move the desk back where it belong by the C.O.   I had the end with the drawers that were full.  In the process of moving the desk, the drawers slammed open.   Which jerked the desk, and then I heard a ripping noise and felt as if my right arm was being tazed by a stun gun.   I was sent to the medical unit and then taken to Peconic Medical Center which then I was informed that I had torn my right bicep.

(Compl. ¶ II.)   Plaintiff claims he had surgery on December 26, 2019, 53 days after the injury occurred.   (Id. ¶ II.A.)   According to the complaint, Dr. Penna informed Plaintiff that he should have had the surgery within fourteen (14) days from his injury "for a higher success rate."   (Id.) Plaintiff alleges that he has suffered a "significant loss of strength and use in my right arm and hand."   (Id. ¶ II.A.)   For relief, Plaintiff seeks to recover a monetary award in the sum of ten million dollars.   (Id. ¶ III.)

Notably, Plaintiff had filed a civil rights complaint in this Court on December 4, 2019 solely against the Suffolk County Jail and complained of injuries to his right bicep as a result of moving the desk, as is alleged in the present complaint.   See Eckert v. Suffolk County Jail, 19-

---

[2] All material allegations in the complaint are assumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true).   Excerpts from the complaint are reproduced here exactly as they appear in the original.   Errors in spelling, punctuation, and grammar have not been corrected or noted.

2

CV-1991(JMA)(SIL).  The Court <u>sua sponte</u> dismissed Plaintiff's claims against the Suffolk County Jail pursuant to 28 U.S.C. §§ 1915 (e)(2)(B)(ii), 1915A(b)(1) because, as an administrative arm of the municipality, Suffolk County, is a non-suable entity.  (<u>See id.</u> at ECF No. 7.)  In an abundance of caution, given Plaintiff's <u>pro se</u> status, the Court construed Plaintiff's Section 1983 claim as against Suffolk County and found that "there are simply no factual allegations from which the Court may reasonably infer that the conduct or inaction of which Plaintiff complains was caused by some policy or custom of Suffolk County."  (<u>Id.</u> at 7.)  However, the Court granted Plaintiff leave to file an amended complaint in accordance with the guidance set forth in the February 27, 2020 order of dismissal within thirty (30) days from the date of the order.  (<u>See id.</u> at 7-8.)  The order cautioned Plaintiff that the case would be closed unless he filed an amended complaint within the time allowed.  (<u>Id.</u> at 8-9.)

When Plaintiff failed to timely file an amended complaint, in an abundance of caution and in light of the national emergency caused by the COVID-19 pandemic, on April 3, 2020, the Court <u>sua sponte</u> extended Plaintiff's deadline to May 4, 2020 and warned Plaintiff that judgment would be entered in accordance with the February 27, 2020 order unless Plaintiff filed an amended complaint by May 4, 2020.  (<u>See</u> ECF No. 12.)  Having not received an amended complaint or any communication from Plaintiff about this case, on May 22, 2020, the Court directed the Clerk of the court to enter judgment in accordance with the February 27, 2020 Order and to close this case.  (See ECF No. 13.)  Plaintiff did not appeal.  Rather, approximately one-year later, Plaintiff commenced a new action, this time naming the Sheriff, and again, the Jail.

3

## II. DISCUSSION

**A.** **In Forma Pauperis Application**

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. 28 U.S.C. 1915(a)(1). Therefore, Plaintiff's application to proceed in forma pauperis is granted.

**B.** **Standard of Review**

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, pursuant to the in forma pauperis statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(b).

Pro se submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read a plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that pro se complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the

4

grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

In addition, notwithstanding the liberal pleading standard afforded pro se litigants, there are limits to how often a court can be asked to review the same allegations against the same parties or their privies. The doctrines of res judicata and collateral estoppel provide that limitation. See, e.g., Salahuddin v. Jones, 992 F.2d 447, 449 (2d Cir. 1993) (res judicata); Johnson v. Watkins, 101 F.3d 792, 794-95 (2d Cir. 1996) (collateral estoppel). Res judicata, or claim preclusion, provides that "'[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" St. Pierre v. Dyer, 208 F.3d 394, 399 (2d Cir. 2000) (quoting Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981)); see also EDP Med. Computer Sys. v. United States, 480 F.3d 621, 624 (2d Cir. 2007). A district court has not only the power but the obligation to dismiss complaints sua sponte on res judicata grounds when the litigation history triggers it. Salahuddin, 992 F.2d at 449. Similarly, "'collateral estoppel, like the related doctrine of res judicata, has the dual purpose of protecting

5

litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation.'" Brandstetter v. Bally Gaming, Inc., No. 11-CV-2594, 2012 WL 4103917, at *3 (E.D.N.Y. Sept. 18, 2012) (quoting Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 (1979)). Additionally, a district court may raise the issues of res judicata and collateral estoppel sua sponte, Doe v. Pfrommer, 148 F.3d 73, 80 (2d Cir. 1998); Pino v. Ryan, 49 F.3d 51, 54 (2d Cir. 1995) ("Nothing . . . suggests that an affirmative defense appearing on the face of a complaint may not be the basis for a sua sponte dismissal under section 1915(d) [section 1915(e) as amended] prior to service of the complaint."); and the doctrines of res judicata and collateral estoppel apply to pro se litigants. Austin v. Downs, Rachlin, & Martin Burlington St. Johnsbury, 270 F. App'x 52 (2d Cir. 2008); Cieszkowska v. Gray Line N.Y., 295 F.3d 204, 205-06 (2d Cir. 2002) (affirming district court's res judicata dismissal of an in forma pauperis action previously dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii)).

**C.** **Section 1983**

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). In order to state a § 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a person

6

acting under color of state law." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)); see also Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (internal quotation marks and citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

Moreover, in an action brought pursuant to § 1983, a plaintiff must allege the personal involvement of the defendant in the purported constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (citing Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)). "Personal involvement" may be established by evidence of a supervisor's direct participation in the challenged conduct or "by evidence of an official's (1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates." Hayut v. State Univ. of New York, 352 F.3d 733, 753 (2d Cir. 2003). An "individual cannot be held liable for damages under Section 1983 'merely because he held a high position of authority.'" Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 127 (2d Cir. 2004) (quoting Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996)). Where a Section 1983 claim fails to allege the personal involvement of the defendant, it fails as a matter of law. See Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010).

### 1. Section 1983 Claims Against the Jail

Plaintiff again names the Jail as a defendant. Because the Court dismissed Plaintiff's

Section 1983 claims against the Jail with prejudice in his case assigned 19-CV-6991, insofar as Plaintiff is claiming a constitutional deprivation against the Jail for his alleged injury caused by moving the desk, such claims would be precluded from further review. However, affording the pro se complaint a liberal construction, Plaintiff now also appears to claim a denial of adequate medical treatment due to the alleged 53-day delay in the surgical procedure to his right arm. (See Compl., ¶ II.A.) Given that this claim was not included in the 2019 complaint together with the Court's preference to decide cases, particularly when a pro se party is involved, on their merits, the Court declines to bar Plaintiff's claims by issue or claim preclusion. See Morales v. Pallito, No. 13-CV-0271, 2014 WL 1758163, at *4 (D. Vt. Apr. 30, 2014) ("[T]here is a general preference to decide disputes on their merits.").

However, as the Court made clear in the February 27, 2020 order in the earlier case, 19-CV-6991, the Jail is a non-suable entity because it is merely an administrative arm of the municipality, Suffolk County. "Under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." Rose v. Cnty. of Nassau, 904 F. Supp. 2d 244, 247 (E.D.N.Y. 2012) (citing Hall v. City of White Plains, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002)); Carthew v. Cnty. of Suffolk, 709 F. Supp. 2d 188, 195 (E.D.N.Y. 2010); see also Sturgis v. Suffolk Cnty. Jail, 12-CV-5263, 2013 WL 245052, *2 (E.D.N.Y. Jan. 22, 2013) (sua sponte dismissing Section 1983 claims because "the Jail and SCPD are administrative arms of the County of Suffolk [ ] [and] lack the capacity to be sued."); see also Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002) (dismissing claim against the local police department because, as an "administrative arm of a municipality [, it] do[es] not have legal identity separate and apart from the municipality, and therefore, cannot sue or be sued."). Therefore, Plaintiff's claims against the

8

Jail are implausible and are thus dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). However, given Plaintiff's pro se status, the Court again considers whether Plaintiff has alleged a plausible Section 1983 claim when construed as against Suffolk County. For the reasons that follow, he has not.

### 2. Section 1983 Claim as Construed Against Suffolk County

It is well-established that a municipality, such as Suffolk County, may be liable under Section 1983 only if the "plaintiff proves that action pursuant to official . . . policy of some nature caused a constitutional tort." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978); see also Patterson v. Cnty. of Oneida, 375 F.3d 206, 226 (2d Cir. 2004). Thus, to impose liability on a municipality, the plaintiff must prove that a municipal policy or custom caused a deprivation of the plaintiff's rights. See Wimmer v. Suffolk Cnty. Police Dep't, 176 F.3d 125, 137 (2d Cir. 1999).

To establish the existence of a municipal policy or custom, a plaintiff must allege: (1) the existence of a formal policy officially endorsed by the municipality; (2) actions taken or decisions made by an official with final decision making authority; (3) a practice so persistent and widespread that it constitutes a custom; or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to a "deliberate indifference" to the rights of those who come in contact with the municipal employees. Davis, 224 F. Supp. 2d at 478; Moray v. City of Yonkers, 924 F. Supp. 8, 12 (S.D.N.Y. 1996) (citations omitted). "[A] single incident in a complaint, especially if it involved only actors below the policy making level, does not suffice to show a municipal policy." DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1998) (internal quotation marks and citation omitted).

Here, as is readily apparent, even affording the pro se complaint a liberal construction,

9

there are simply no factual allegations from which the Court may reasonably infer that the conduct or inaction of which Plaintiff complains was caused by some policy or custom of Suffolk County. Santos v. New York City, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012) ("[A] plaintiff must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists."). Accordingly, Plaintiff has not alleged a plausible Section 1983 claim even when construing the complaint as against Suffolk County.

### 3. Claims Against the Sheriff

In an action brought pursuant to § 1983, a plaintiff must allege the personal involvement of the defendant in the purported constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (citing Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)). An "individual cannot be held liable for damages under Section 1983 'merely because he held a high position of authority.'" Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 127 (2d Cir. 2004) (quoting Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996)). Rather, as the Second Circuit Court of Appeals recently made clear, "there is no special rule for supervisory liability" and, in order "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability." Tangreti v. Bachmann, 983 F.3d 609, 618, 620 (2d Cir. 2020). Where a Section 1983 claim fails to allege the personal involvement of the defendant, it fails as a matter of law. See Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010).

Here, although Plaintiff names the Sheriff as a defendant in the caption and the identification of parties section of the form complaint, he is not again mentioned in the body of the complaint. Indeed, there are no factual allegations in the complaint concerning any conduct or inaction by the Sheriff such that the Court could reasonably construe a plausible Section 1983

10

claim against him. Accordingly, because the complaint fails to state a claim against the Sheriff, such claim is dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

### 4. State Law Claims

Given the nature of plaintiff's allegations, it appears that plaintiff also seeks to allege state law negligence claims. Because of the dismissal of plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over any state law claims and dismisses them without prejudice. 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction. . . ."); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine - - judicial economy, convenience, fairness, and comity - - will point toward declining to exercise jurisdiction over the remaining state-law claims.").

### D. Leave to Amend

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176, 183 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999)). Indeed, a pro se plaintiff who brings a civil rights action "should be 'fairly freely' afforded an opportunity to amend his complaint." Boddie v. N.Y. State Div. of Parole, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)). Yet while "pro se plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." Id. (citation omitted).

11

Here, the Court has carefully considered whether Plaintiff should be granted leave to amend his complaint. In an abundance of caution, Plaintiff is granted leave to file an amended complaint in accordance with this Order. Any amended complaint must be clearly labeled "Amended Complaint", bear the same docket number as this Order, 21-CV-2650(JMA)(JMW), and shall be filed within thirty (30) days from the date of this Order. Plaintiff is cautioned that an amended complaint completely replaces the original. Therefore, Plaintiff must include all claims against any defendants he seeks to pursue in the amended complaint. To be clear, Plaintiff may not include the Jail as a defendant in the amended complaint. If Plaintiff does not file an amended complaint within the time allowed, judgment shall enter and this case will be closed.

### III.   CONCLUSION

For the forgoing reasons, Plaintiff's application to proceed in forma pauperis is granted. However, Plaintiff's complaint is dismissed sua sponte in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief. Plaintiff is granted leave to file an amended complaint in accordance with this Order. Any amended complaint must be clearly labeled "Amended Complaint," bear the same docket number as this Order, 21-CV-2650 (JMA)(JMW), and shall be filed within thirty (30) days from the date of this Order. Plaintiff is cautioned that an amended complaint completely replaces the original. Therefore, Plaintiff must include all claims against any defendants he seeks to pursue in the amended complaint. To be clear, Plaintiff may not include the Jail as a defendant in the amended complaint. If Plaintiff does not file an amended complaint within the time allowed, judgment shall enter and this case will be closed.

The Court declines to exercise supplemental jurisdiction over any remaining state law claims alleged in the complaint and therefore the state law claims are dismissed without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk of Court shall mail a copy of this Order to the Plaintiff at his last known address.

**SO ORDERED.**

Dated: January 6, 2022
          Central Islip, New York

                                                   /s/ (JMA)
                                                 JOAN M. AZRACK
                                                 UNITED STATES DISTRICT JUDGE